IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00377-PAB-MEH

GARY GRADY, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

ALPINE AUTO RECOVERY LLC, and
DON HEALD, JR.,

Defendants.

---

**ORDER**

---

This matter is before the Court on the Unopposed Motion for Conditional Collective Action Certification and Approval of *Hoffman-Laroche* Notice [Docket No. 19] filed by plaintiff Gary Grady.

## I. BACKGROUND

Defendant Don Heald, Jr. owns and operates defendant Alpine Auto Recovery LLC, a tow truck company operating in the Denver, Colorado metropolitan area. Docket No. 1 at 2, ¶¶ 3-4, 7. Defendants previously employed tow truck drivers as independent contractors, *id.* at 3, ¶ 13; however, as of January 1, 2015, defendants have reclassified all of their drivers as employees. *Id.* at 5, ¶ 16.

In February 2013, plaintiff began working for defendants as a tow truck driver. *Id.* at 3, ¶ 8. Plaintiff alleges that defendants intentionally and wrongfully classified him as an independent contractor rather than an employee in order to get reduced tax

liability, to avoid paying workers' compensation insurance, to avoid paying overtime, and to pass on defendants' operating costs to their work force. *Id.* at 3, ¶ 13. Plaintiff states that he began work as a "trainee" and was paid nothing. *Id.* at 3, ¶ 9. Upon completing training, plaintiff alleges he was paid $500 per week until October 2013, minus deductions for workman's compensation insurance, "bad tows," vehicle damage, and alleged sham payments for a "truck lease." *Id.* at 3, ¶ 10; 5, ¶ 15. Plaintiff claims that during this period he frequently worked more than 40 hours per week and/or 12 hours per day and was not paid overtime. *Id.* at 3, ¶ 10. After October 2013, plaintiff asserts that he was paid on a commission basis at a rate of 31 percent, minus the aforementioned deductions. *Id.* at 3, ¶ 11.

Plaintiff states that he should have been classified as an employee because, among other things, defendants required plaintiff to work set hours, defendants directed plaintiff as to where, when and how to perform jobs, plaintiff's services were integrated into defendants' operations, defendants required plaintiff to wear a company uniform, and defendants provided plaintiff with a vehicle and all equipment. *See id.* at 4, ¶ 14. Plaintiff claims that, had he been appropriately classified as an employee, he would have been entitled to the minimum wage and overtime premium pay and that defendants would have been prohibited from making the above-mentioned deductions from plaintiff's pay. *Id.* at 3, ¶ 12.

On February 24, 2015, plaintiff filed this case against defendants, bringing a claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a claim for violation of the Colorado Minimum Wage of Workers Act ("CMWWA"),

Colo. Rev. Stat. § 8-6-101, *et seq.* Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b). *Id.* at 6, ¶ 19. Plaintiff alleges that he and defendants' other tow truck drivers are similarly situated in multiple respects. *See id.* at 5, ¶ 18. On June 2, 2015, plaintiff filed the present motion, requesting that the Court conditionally certify the collective action and approve the proposed Notice of Collective Action ("Notice") to be disseminated to the class. Docket No. 19.

## II. ANALYSIS

### A. Conditional Certification

Plaintiff asks the Court to conditionally certify the case as a collective action pursuant to § 216(b) of the FLSA, which provides in pertinent part:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages . . . An action to recover the liability prescribed in [section 207] may be maintained against any employer . . . in any Federal . . . court of competent jurisdiction by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated*.

29 U.S.C. § 216(b) (emphasis added). There is a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).[1] A court's initial certification comes at the notice stage, where courts determine whether plaintiffs are similarly situated for purposes of sending notice to putative class

---

[1] *Thiessen* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Because the ADEA adopts the collective action mechanism set forth in FLSA § 216(b), courts apply *Thiessen* to FLSA collective actions. *See Kaiser v. At The Beach, Inc.*, 2010 WL 5114729, at *4 n.9 (N.D. Okla. Dec. 9, 2010); *see also Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

members. *Id.* at 1102. Plaintiff is required to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.*; *see also Stransky v. HealthONE of Denver, Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *4 (D. Colo. Dec. 14, 2012). This is a "lenient" standard, *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007). The second stage, which comes at the conclusion of discovery, applies a stricter standard of "similarly situated," including application of at least four factors, to determine whether the case can proceed as a collective action. *Thiessen*, 267 F.3d at 1102-03.

Plaintiff seeks to represent a class consisting of "all current and former tow truck drivers who worked for Defendants at any time from February 25, 2012 to present." Docket No. 19 at 3. Plaintiff claims that defendants had a policy of misclassifying truck drivers as independent contractors in order to reduce defendants' operating costs and limit their liability. Docket No. 1 at 3, ¶ 13. Plaintiff states that he and other employees regularly worked more than 40 hours per week and/or 12 hours per day, *id.* at 3, ¶ 10, but, due to defendants' wrongful misclassification of the drivers, plaintiff and other drivers were not compensated for overtime work and the drivers' regular rate of pay fell below the minimum wage. *See Renfro*, 243 F.R.D. at 433-34 ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege

that plaintiffs were together the victims of a single decision, policy or plan."). Plaintiff argues that defendants hid their misclassification scheme behind a sham "truck lease" payment. Docket No. 1 at 5, ¶ 15. Plaintiff asserts that his claims are representative of the class, and that putative class members are readily ascertainable from defendants' records. *Id.* at 6, ¶ 18(c). The Court finds that plaintiff has provided substantial allegations that the putative class members are similarly situated. *See Thiessen*, 267 F.3d at 1102-03. Thus, the Court conditionally certifies a collective action consisting of all current and former tow truck drivers who worked for defendants at any time from February 25, 2012 to present.

**B. Notice to Conditional Class**

Once the Court concludes that conditional certification of an FLSA collective action is appropriate, the Court may authorize plaintiff to disseminate a proper notice and opt-in consent form to putative class members. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The Court has broad discretion regarding the details of the notice sent to potential opt-in plaintiffs. *Hoffman-LaRoche*, 493 U.S. at 171. "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (internal citations and

quotations omitted).

The proposed Notice appears to contain most of the necessary information. Docket No. 19-2. The Notice informs putative class members of the parties involved, the parties' general allegations, information about the collective action designation, and how to opt in. *See id.* at 1-3. In addition, the Notice provides that opt-in plaintiffs must return consent forms to plaintiff's counsel within 60 days from the postmark date of the Notice. Docket No. 19-1 at 2, ¶ 5. However, the Notice does not explain the potential obligations or consequences for putative class members who choose to opt-in. *See Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 566-67 (S.D.N.Y. 2012) ("[D]irect[ing] the Plaintiffs to add a provision explaining the possibility that opt-in plaintiffs may be required to provide information, appear for a deposition, and/or testify."); *Luque v. AT&T Corp.*, 2010 WL 4807088, at *7 (N.D. Cal. Nov. 9, 2010) ("[I]t is appropriate to include a statement that class members might 'be required to provide information,' and so the Court adds such a statement to the Notice."). As a result, plaintiff's counsel shall add the following language to an appropriate section of the Notice:

> If you choose to join the collective action, you give up any rights to separately sue Alpine about the same claim in this lawsuit and will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable, on the claims asserted. While this suit is pending you may be required to submit documents and written answers to questions or to testify under oath at a deposition, hearing or trial.

With that modification, the Court approves the Notice.[2]

---

[2]This order adopts the definitions set forth in the Notice. Docket No. 19-2.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Unopposed Motion for Conditional Collective Action Certification and Approval of *Hoffman-Laroche* Notice [Docket No. 19] is **GRANTED**. It is further

**ORDERED** that:

1. This action shall be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b). The class is defined as follows:

> All current and former tow truck operators for defendants at any time from February 25, 2012 to present.

2. Subject to the modifications set forth above, the proposed Notice [Docket No. 19-2] is approved.

3. Within twenty-one days, defendants shall provide to plaintiff's counsel a list of all potential class members. The list shall include all available contact information including U.S. Mail addresses and electronic mail addresses.

4. Within fifteen days after receiving this list from defendants, plaintiff shall send the Notice by First Class U.S. Mail and email the Notice to the last known address of each of the individuals identified on the above-referenced list.

5. Any individuals to whom notice is sent shall "opt-in" by returning the necessary documents to plaintiff's counsel within sixty days from the postmark date of the Notice.

DATED June 24, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge